UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                          CASE NO: 8:18-cr-406-SDM

**JOSE SALTOS MOLINA,**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM and
REQUEST FOR DOWNWARD VARIANCE**

COMES NOW the Defendant, JOSE SALTOS MOLINA, through his undersigned counsel, and respectfully submits this Sentencing Memorandum and Request for Downward Variance for this Honorable Court's consideration.

STATEMENT OF THE CASE

Mr. Saltos Molina admitted guilt and accepted responsibility through an early plea agreement with the Government. His guilty plea was accepted by this Court on January 3, 2019, when he was adjudicated guilty of Count One: Conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, contrary to 46 USC §§ 70503(a), 70506(a) and (b), and 21 USC § 960(b)(1)(B)(ii).

As the plea agreement and PSR discuss, this case is somewhat typical as it involves three individuals in a Go-Fast Vessel ("GFV") boarded by members of the United States Coast Guard 125 nautical miles northeast of the Galapagos Islands, Ecuador. All members of the GFV complied with the boarding and were compliant throughout the process. Subsequently, over 1,000 kilograms of cocaine were recovered, and co-defendant Jonathon Franco Navarro identified himself as the

captain of the vessel. The parties were eventually paroled into the United States through Tampa, Florida.

## GUIDELINE CALCULATIONS

The instant offense carries a minimum term of imprisonment of ten years and a maximum term of life. A term of supervised release is required, however, Mr. Saltos Molina, a citizen of Ecuador, was paroled into the United States for prosecution. Most assuredly, he will be deported after serving his prison term.

The Pre-Sentence Report (PSR) recommends a base level of 38 for Mr. Saltos Molina. He has been given a downward adjustment for clearly demonstrating his acceptance of responsibility, and he meets the criteria set forth in § 3553(f)(1)-(5) as shown below:

1. Mr. Saltos Molina does not have more than one criminal history point.
2. He did not use violence, threats of violence or weapons in connection with the offense.
3. The offense did not result in death or serious bodily injury.
4. Mr. Saltos Molina was not an organizer, leader or manager.
5. Mr. Saltos Molina has truthfully provided all information he has concerning the offense.

Therefore, coupled with his acceptance of responsibility, Mr. Saltos Molina received a five-level reduction to his guideline calculation making his total offense level 33. Having no prior criminal history, Mr. Saltos Molina's guideline range is 135-188 months.

Mr. Saltos Molina is hopeful that a § 5K1.1 Motion for Downward Departure will be filed by the government As the PSR states in paragraph 60, the minimum mandatory sentence of ten years does not apply as he qualifies under the First Step Act for statutory safety valve relief.

MEMORANDUM OF LAW AND ARGUMENT

As this Honorable Court is well aware, a United States District Court is no longer limited by the Guidelines since the matrix is merely considered advisory under *Booker* and its progeny. *United States v. Booker,* 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). "Thus a court is not unencumbered in its ability to consider every convicted person as an individual and every case a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States,* 552 U.S. 38, 128 S. Ct. at 598 (quoting *Koon v. United States,* 518 U.S. 81, 116 S. Ct. 2035 (1996)). The use of the Guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights. *Booker* at 244-245. Further, there is no legal presumption that the Guidelines sentence should apply. *Rita v. United States,* 551 U.S. 338, 351, 127 S.Ct. 2456 (2007). Now, a district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the Guidelines. A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the Guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id.*

In *United States v. Tally*, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow in imposing a sentence after *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2004). "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." *Id.* Second, the District Court "must consider" ten enumerated factors "to determine a reasonable sentence." See *Id.* Such factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational and vocational training or

medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. *Id. See also* 18 U.S.C. § 3553(a) (directing that sentences should be "sufficient, but not greater than necessary" to achieve the purposes of sentencing).

*Request for a Reasonable Sentence Pursuant to § 3553a Factors*

Without downplaying the seriousness or the quantity of narcotics involved in this case, Mr. Saltos Molina's history is a central factor in how he landed in the Middle District of Florida when he had no intention of ever coming to the United States.

As is the case with many of the men in this situation, Mr. Saltos Molina committed this offense out of financial necessity. His began working at the age of 12, when he would pay for his own shoes so that he could attend school. His work at that time consisted selling whatever he could find on the streets, such as coconut water or other fruits and vegetables. He has always contributed to his large extended family in his home country, with whom he is close. While his father was extremely disappointed in his decision to go on this trip, half joking that his father wanted to "choke him" for doing so, Mr. Saltos Molina explains he still did because he felt he had no choice, and the need to help his ailing mother outweighed everything else.

Mr. Saltos Molina is an introspective man and has a way of putting the desperation of his situation in a charming, yet on point way. As he explains it "You call it not behaving, but I had to do it in order to survive." Further, when recalling one especially harrowing moment on the trip, when he was thrown out of the boat into the Pacific Ocean, he realized how close he came to death. He remains extremely thankful that his fellow crew members came back to save him as he knows they could have just as easily continued their journey, leaving him to perish.

Mr. Saltos Molina has expressed interest in participating in any available substance abuse treatment while serving his sentence as he began consuming the local homemade alcohol

at the age of 18 and would often do so until he became inebriated.  Further, he wishes to pursue culinary arts if possible as he realizes the need to have other skills when he returns to Ecuador.  Although he worked as a fisherman for the past four years, he did not make nearly enough to sustain himself.

> *The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*
>
> *To afford adequate deterrence to criminal conduct and*
>
> *To protect the public from further crimes of the defendant;*

There is no question that Mr. Saltos Molina recognizes the seriousness of this offense and realizes that he should be punished accordingly.  However, there are factors present in this case that sufficiently mitigate and support a sentence below the guidelines.  Mr. Saltos Molina has never been to the United States and has no friends or family here.  This separation from his family will be long term.

## CONCLUSION

The circumstances presented in the case support a favorable variance from the applicable guideline range.  Mr. Saltos Molina requests this Honorable Court sentence him below the applicable guideline range as any prison sentence, in his situation, is sufficient, but not greater than necessary punishment for his offense.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL  33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this 20th day of February, 2019.

                                                           */s/ Maribeth Wetzel*
                                                           Maribeth L. Wetzel, Esquire
                                                           Goldman Wetzel, PLLC
                                                           915 1st Ave. N.

                St. Petersburg, FL 33705
                Telephone: (727) 828-3900
                Facsimile: (727)828-3901
                FBN: 540511
                Beth@goldmanwetzel.com
                Attorney for the Defendant